```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TRUSTEES OF THE NATIONAL        :    CIVIL ACTION
ELEVATOR INDUSTRY PENSION       :
FUND, et al.                    :
                                :
     v.                         :
                                :
EASTERN ELEVATOR SERVICE,       :    NO. 20-6150
INC., et al.                    :
```

<u>MEMORANDUM</u>

Bartle, J.                                           August 30, 2021

The Trustees of the Elevator Industry Work Preservation Fund (the "Work Preservation Fund") and several affiliated multi-employer benefit trust funds (the "Benefit Funds")[1] bring this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq., against employer Eastern Elevator Service, Inc. ("Eastern Elevator") and its owner Robert Rauch to recover contributions, prejudgment interest, and liquidated damages due but not paid under the terms of a collective bargaining agreement with the International Union of Elevator Constructors, AFL-CIO ("IUEC").

Before the court is the motion of plaintiffs for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  The motion includes a motion for attorney's

---

1. The Benefit Fund plaintiffs include the Trustees of the National Elevator Industry Pension Fund, the Trustees of the National Elevator Industry Health Benefit Plan, the Trustees of the National Elevator Industry Educational Plan, and the Trustees of the Elevator Constructors Annuity and 401(k) Retirement Plan.

fees and court costs.  Plaintiffs seek entry of summary judgment in the total amount of $256,949.05 against Eastern Elevator and of that amount $254,754.95 against Eastern Elevator and Robert Rauch, jointly and severally.

I

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A factual dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  A factual dispute is material if it might affect the outcome of the suit under governing law.  Id. at 248.  Affirmative evidence must be presented to defeat a properly supported motion for summary judgment.  Id. at 257.

When briefing a motion for summary judgment and response, the parties must support each factual assertion or dispute with either a citation to the record or by showing that the materials cited do not establish the absence or the presence of a disputed fact. Fed. R. Civ. P. 56(c)(1).  The court is only required to consider materials cited by the parties in the summary judgment record. Fed. R. Civ. P. 56(c)(3).  "If a party fails to

properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion."  Fed. R. Civ. P. 56(e)(2).  "Judges are not like pigs, hunting for truffles buried in briefs."  United States v. Hoffecker, 530 F.3d 137, 162 (3d Cir. 2008) (internal quotations omitted).

## II

Plaintiffs filed a statement of undisputed material facts in support of summary judgment.[2]  Attached to the statement and referenced therein are declarations and supporting documents from benefit fund Executive Director Robert O. Betts, Jr., auditor and Certified Public Accountant Daniel A. Winters, and benefit fund attorney Andrew Kelser.  Defendants have not presented or called to the court's attention any evidence to

---

2. The parties dispute whether certain requests for admission served by plaintiffs and not answered by defendants should be deemed admitted under Rule 36(a)(3) of the Federal Rules of Civil Procedure.  Rule 36 provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  The court ordered that all requests for discovery be served in such a manner as will assure the service of responses by June 1, 2020.  Defendants' counsel asserts he did not receive plaintiffs' requests for admission until May 26, 2020, which would not permit 30 days for defendants to respond by June 1, 2020.  Counsel for the plaintiffs maintains he served the requests for admission at issue on March 29, 2021.  The court does not need to resolve this dispute as the court is granting plaintiffs' motion for summary judgment without reference to plaintiffs' requests for admission.

dispute plaintiffs' statement of facts.  The court takes as undisputed the facts stated by plaintiffs.  See Fed. R. Civ. P. 56(e)(2); see also Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 176 (3d Cir. 1990).

Eastern Elevator entered into a short form agreement pursuant to which it agreed to be bound by the terms of a collective bargaining agreement between the IUEC and the National Elevator Bargaining Association.  The collective bargaining agreement requires Eastern Elevator to make contributions and other payments to the plaintiffs Work Preservation Fund and the Benefit Funds on behalf of its employees for each hour of work they perform.  Eastern Elevator must also provide monthly contribution reports to the plaintiffs that detail the number of hours worked by each employee who performs work covered by the collective bargaining agreement.  Robert Rauch executed the short form agreement on behalf of Eastern Elevator, the employer.  He is the owner or officer of Eastern Elevator.

In March 2020, the certified public accounting firm Daniel A. Winters & Company completed an audit of Eastern Elevator's contributions.  The auditor compared Eastern Elevators' payroll records to its monthly contribution reports. The comparison revealed that Eastern Elevator underreported employee work hours from January 1, 2017 through February 28, 2019.  Eastern Elevator had not paid contributions to plaintiffs

for the underreported hours.  The auditor determined that unpaid contributions due to plaintiffs for the unreported hours totaled $181,114.08.  The audit also determined that Eastern Elevator overpaid contributions in the amount of $14,895.72.

In August 2020, Eastern Elevator requested that the Benefit Funds' boards of trustees review the payroll audit.  The trustees approved Eastern Elevator's request to refund the $14,895.72 in overpaid contributions but denied its appeal with respect to the $181,114.08 in underpaid contributions.  During the audit and appeal, the auditor and the plaintiffs repeatedly requested documents from Eastern Elevator to support its dispute of the auditor's findings.  None was ever provided.  Plaintiffs have also sought in this action written discovery in support of defendants' dispute of the audit.  Defendants have not provided plaintiffs with any documentation to dispute the auditor's findings or to demonstrate remitted payment for the unpaid contributions.

III

"ERISA provides a cause of action and remedies for an employer's failure to fulfill its obligations to make pension or welfare fund contributions pursuant to a plan or collective bargaining agreement."  Bricklayers & Allied Craftsmen Int'l Union Local 33 Benefit Funds v. Am.'s Marble Source, Inc., 950 F.2d 114, 117 (3d Cir. 1991).  Sections 515 and 502(a) of ERISA

provide benefit plan participants and beneficiaries a cause of action to recover unpaid contributions:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

> (a) Persons empowered to bring a civil action.
>
>   A civil action may be brought--
>
>   (1)  by a participant or beneficiary—
>
>     (A) for the relief provided for in subsection (c) of this section, or
>
>     (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

29 U.S.C. § 1132(a)(1).  "The liability created by § 515 may be enforced by the trustees of a plan by bringing an action in federal district court pursuant to § 502."  Laborers Health & Welfare Tr. Fund for N. Cal. v. Advanced Lightweight Concrete Co., 484 U.S. 539, 547 (1988).  Section 502(g)(2) specifies the relief to which a plaintiff is entitled should it succeed in a suit under § 515 and § 502(a).  Id.; see 29 U.S.C. § 1132(g)(2).

Specifically, a successful plaintiff is entitled to: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of either interest on the unpaid contributions or "liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the [unpaid contributions]"; (4) "reasonable attorney's fees and costs of the action"; and (5) "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). "Congress has deemed [these remedies] mandatory in an action brought by a pension fund to enforce the collection of contributions." Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Bellezza Co., Inc., 57 F. App'x 972, 975 (3d Cir. 2003).

It is undisputed that defendant Eastern Elevator has failed to make contributions as require by the terms of the IUEC collective bargaining agreement. Plaintiffs, as third-party beneficiaries, are entitled to relief under § 515 and § 502(g)(2) of ERISA. See 29 U.S.C. § 1132(a)(1); Laborers Health & Welfare Tr. Fund for N. Cal., 484 U.S. at 547. In accordance with the undisputed payroll audit, for the period from January 1, 2017 to February 28, 2019, the Benefit Funds are entitled to $179,172.99 in unpaid contributions and the Work Preservation Fund is entitled to $1,941.09, for a total in unpaid contributions of $181,114.08.

Interest on unpaid contributions is calculated using the rate provided by the terms of the benefit plan.  29 U.S.C. § 1132(g)(2)(B).  Pursuant to the collective bargaining agreement, "[i]nterest on delinquent Employer contributions will be charged at the rate established by the Internal Revenue Service for underpayment of taxes" from the date of delinquency to the date of payment.[3]  Interest accrued in the amount of $23,760.61 on Eastern Elevator's unpaid contributions to the Benefit Funds from January 1, 2017 to June 28, 2021.  Interest of $253.01 accrued during the same period on contributions not paid to the Work Preservation Fund, for total prejudgment interest of $24,013.62.  Defendants do not dispute prejudgment interest due under the collective bargaining agreement as calculated in the audit report.

The Benefit Funds are also entitled to liquidated damages equal to the greater of the interest on the unpaid contributions or an amount not more than 20% of the unpaid contributions.  29 U.S.C. § 1132(g)(2)(C).  Twenty percent of the unpaid contributions owed to the Benefit Funds is $35,834.60, which exceeds the interest accrued on the unpaid contributions.

---

3.  The rate of interest charged by the Internal Revenue Service for the underpayment of taxes is the sum of the Federal short-term rate and three percentage points.  26 U.S.C. § 6621; 26 C.F.R. § 301.6621-1; I.R.C. § 6621.

Plaintiffs are also entitled to reasonable attorney's fees and court costs. 29 U.S.C. § 1132(g)(2)(D). As noted above, plaintiffs filed the declaration of their attorney, Andrew Kelser, in connection with the instant motion. Kelser states in the declaration that he has a negotiated rate with plaintiffs of $295.00 per hour. He has spent 29.25 hours litigating this matter for a total of $8,628.75 in attorney's fees. He spent 1.5 hours on pleadings, 8.75 hours on case development, 3.0 hours on alternative dispute resolution and settlement, 6.0 hours on written discovery, 1.0 hour on hearings and conferences with the court, and 9.0 hours on legal research and motions practice. Kelser provides detailed narratives for each entry of time he spent litigating this matter. Similar or even higher fees for comparable work have been found reasonable in this district. Trs. of the Teamsters Pension Tr. Fund of Phila. v. Sheinman Provision Co., Civil Action No. 11-6116, 2012 WL 3104402, at *1 (E.D. Pa. July 30, 2012); Carpenters Pension & Annuity Plan v. Grosso, Civil Action No. 07-5013, 2009 WL 2431340, at *7 (E.D. Pa. Aug. 6, 2009). Kelser also incurred a filing fee of $400.00. Defendants do not challenge these amounts. The court finds plaintiffs' request for attorney's fees and costs to be reasonable. A total of $9,028.75 in attorney's fees and costs will be awarded to plaintiffs.

Finally, in accordance with the terms of the IUEC collective bargaining agreement, an employer who fails to pay amounts determined delinquent by an audit must pay the cost of the audit. As Eastern Elevator has not to date paid the amounts due to plaintiffs in accordance with the undisputed findings of the auditor, it must pay the cost of the audit. Plaintiffs expended $6,958.00 for the audit.

The court will enter summary judgment against Eastern Elevator in favor of plaintiffs for $181,114.08 in unpaid contributions, $24,013.62 in prejudgment interest, $35,834.60 in liquidated damages, $9,028.75 in attorney's fees and court costs, and $6,958.00 in audit costs, for a total of $256,949.05.

IV

Plaintiffs also sue Robert Rauch as a fiduciary of the benefit plan assets. Section 409 of ERISA provides in relevant part:

> (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. . . .

29 U.S.C. § 1109.  Section 3 of ERISA, except under circumstances not at issue here, provides:

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . .

29 U.S.C. § 1002(21)(A)(i).  Thus, "[f]iduciary status attaches to a person managing an ERISA plan under subsection (i) of § 1002(21)(A) if that person exercises discretion in the management of the plan, <u>or</u> if the person exercises any authority or control over the management or disposition of the plan's assets."  <u>Srein v. Frankford Trust Co.</u>, 323 F.3d 214, 220–21 (3d Cir. 2003) (emphasis original).

      The court must determine here:  (1) whether the contributions due to plaintiffs and not paid by Eastern Elevator are "plan assets"; and (2) whether Robert Rauch exercised discretionary authority or control in the management of the plan <u>or</u> if he exercised any authority or control over the management or disposition of the plan's assets.  First, the undisputed record supports a finding that the contributions due to plaintiffs and not paid by Eastern Elevator are "plan assets."  The short form agreement specifically provides that:

> Title to all the monies paid into and/or due and owing to the National Elevator Industry Health Benefit Fund, Pension Fund, Education

-11-

> Fund, National Elevator Industry 401(k)
> Annuity Retirement Fund and the Elevator
> Industry Work Preservation Fund, as
> specified above, shall vest in and remain
> exclusively in the Trustees of said Funds,
> respectively.

Second, the undisputed record supports that Robert Rauch exercised authority or control over the management or disposition of the plan's assets. Rauch executed the short form agreement on behalf of Eastern Elevator. According to Winters' declaration, a review of Eastern Elevator's books and records reveals Rauch is its owner or officer. The audit report, which is signed by Winters on behalf of Daniel A. Winters & Company, states "[w]e were advised that Robert R. Rauch owns 100% of the outstanding shares of [Eastern Elevator]." Robert Rauch has not presented any evidence that he is not the owner of Eastern Elevator or that in this capacity he did not exercised authority or control over plan assets. See Fed. R. Civ. P. 56(e)(2); see also Anchorage Assocs., 922 F.2d at 176. Rauch is a fiduciary under § 3 of ERISA and is jointly liable under § 409 with Eastern Elevator for the amounts due, except for the $2,194.10 in unpaid contributions and interest due to the Work Preservation Fund, which plaintiffs do not seek to recover from Rauch.

The court will enter summary judgment against Robert Rauch, jointly and severally with Eastern Elevator, in favor of

the Benefit Fund plaintiffs for $179,172.99 in unpaid contributions, $23,760.61 in prejudgment interest, $35,834.60 in liquidated damages, $9,028.75 in attorney's fees and court costs, and $6,958.00 in audit costs, for a total of $254,754.95.